UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN and SADIE OSBURN, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, et al., <br><br> Defendant. | No. 1:19-cv-00246-DAD-SAB <br><br> ORDER DENYING REQUEST FOR JOINDER <br><br> (Doc. No. 28) |

On March 28, 2019, non-party David McCrae ("McCrae") filed a document with the court, styled as "APPEARANCE AND JOINDER of DAVID MCCRAE." (*See* Doc. No. 28.) In that filing, which the court will liberally construe as a request for joinder, McCrae asks the court to "[p]lease take notice of the appearance in this matter of Dave McCrae, pro se, owner of . . . a subdivided part of the subject property." (*Id.* at 2.) For the reasons that follow, the court will deny McCrae's request to join this action as a plaintiff.

A brief review of the relevant facts is in order. On February 21, 2019, plaintiffs Ronald Osburn and Sadie Osburn (collectively, "plaintiffs"), proceeding *pro se*, filed a complaint against a slew of financial institutions alleging violations of law for wrongful foreclosure, unlawful business practices, assault, and "home invasion." (*See* Doc. No. 1 at 4.) The complaint, while very difficult to decipher, appears to assert claims based on plaintiffs' alleged ownership interest

1

in real property located at 4523 West Evergreen Court, Visalia, CA 93277 (the "subject property") and contends that various transactions with regard to the deed of trust and/or promissory note for that property were unlawful or fraudulent. (*Id.* at 21–24.) Three of defendants' motions to dismiss, scheduled for hearing on May 7, 2019, are currently pending before the court. (*See* Doc. Nos. 12, 14, 19.)

Beginning on February 25, 2019, the court started receiving emails from Mr. McCrae. In his first email to the court, McCrae forwarded to the court an email in which he outlined various errors with respect to this court's decision denying plaintiffs' request for a temporary restraining order. (*See* Doc. No. 3.) Therein, McCrae argued that "[w]e have here . . . errors with which to go to appeal." Since February 25, 2019, McCrae has sent the court at least nine emails. In emails he directed to the court, McCrae appears to either be attempting to speak to the court on behalf of plaintiffs or holding himself out to be a representative of plaintiffs, and in the emails that are directed to plaintiffs (but where the court is also a listed recipient or McCrae has forwarded that email to the court), McCrae appears to be offering plaintiffs legal advice or otherwise engaging in the unauthorized practice of law because he is not an attorney of record in this matter and a search conducted on the California State Bar's Attorney Search website indicates that he is not licensed to practice law in the state of California. Consequently, on March 22, 2019, the undersigned's courtroom deputy replied to one of McCrae's emails and informed him that his communications with the court as well as his acting as a representative for plaintiffs were both inappropriate and in violation of the Local Rules.[1]

Shortly thereafter, on March 28, 2019, McCrae filed the pending request for joinder. Therein, McCrae asserts that he is the "owner of the property at ///hype.sage.fund, a subdivided part of the subject property." (Doc. No. 28.) Attached to this filing is a "Purchase Offer and Acceptance and Grant of Sanctuary" wherein plaintiff Ronald Osburn, "in Grateful Appreciation of TWENTY COLLARS, . . . Release[s] from the Parent Tract, 4523 WEST EVERGREEN

---

[1] Mr. McCrae is not a party or participant in this civil action. As noted, he is not a lawyer and is not authorized to file documents in this action or to send emails to court personnel regarding this action. He is directed to cease doing so.

2

| | |
|---|---|
| 1 | COURT, VISALIA, CA 93277, a Designated Parcel of the subject property under dispute to |
| 2 | DAVID A. MCCRAE." (*Id.* at 8.) Also attached to the pending request is the first page of an |
| 3 | article, but McCrae does not explain how the article or that page is relevant to the pending |
| 4 | request. (*See id.* at 9.) Based thereon, McCrae asks this court to take notice of his appearance |
| 5 | and states that "[he] will be joining with the Plaintiffs." (*Id.* at 2.) Indeed, it appears that McCrae |
| 6 | is operating under the assumption that he has joined into this action, as one of his most recent |
| 7 | emails to the court states that "[he] has joined in the matter 1:19-cv-00246 out in California." |
| 8 | Moreover, McCrae has contacted defense counsel in this matter and informed them that |
| 9 | "[w]hatever motions you need to submit, you might as well know that I oppose it unless we have |
| 10 | discussed it personally." |
| 11 | The court construes the pending filing by McCrae as a request for joinder pursuant to |
| 12 | Federal Rule of Civil Procedure 20. Rule 20 permits a person to join an action as a plaintiff if: |
| 13 | "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising |
| 14 | out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any |
| 15 | question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). |
| 16 | McCrae's request is clearly deficient in both regards. |
| 17 | McCrae's request does not assert any rights at all and it is completely devoid of any |
| 18 | analysis as to why he should be permitted to join this action as a plaintiff. For example, McCrae |
| 19 | does not assert that he has a right to joint or several relief in this action, nor does he assert a right |
| 20 | arising out of the same transaction(s) or occurrence(s) as the one(s) underlying plaintiffs' claims |
| 21 | in this action. Even if the court accepts McCrae's debatable claim that he now has an ownership |
| 22 | interest in the subject property as a result of plaintiff Ronald Osburn conveying to him a |
| 23 | designated parcel of the subject property as "inviolable sanctuary" in exchange for twenty dollars, |
| 24 | McCrae's purported ownership interest in the subject property is not sufficient for him to join in |
| 25 | this action since the circumstances giving rise to plaintiffs' apparent claims in this action arose |
| 26 | well before McCrae's purported ownership interest did. Moreover, plaintiffs are contesting the |
| 27 | legality of financial transactions involving them and various financial institutions and it does not |
| 28 | appear that McCrae was a party to any of those transactions. Finally, the pending request does |

not claim that a question of law or fact common to both McCrae and plaintiffs will arise in this action.

The court notes separately that McCrae's purported acquisition of part of the subject property for twenty dollars is clearly a sham. After being told that he could not contact the court because he is not plaintiffs' attorney and because he is not a named plaintiff, McCrae attempted to create a plausible claim that he had acquired an ownership interest in the property in yet another effort to insert himself into this litigation. That attempt is unavailing.

For these reasons:

1. McCrae's request for joinder (Doc. No. 28) is denied;

2. McCrae's recently filed opposition to one of the pending motions to dismiss (Doc. No. 29) is stricken from the record;

3. McCrae is ordered to cease filing documents in this case or sending emails to any court staff in connection with this action, and no further orders will issue in response to filings by non-party McCrae; and

4. The Clerk of the Court is directed to serve a copy of this order on non-party McCrae.

IT IS SO ORDERED.

Dated: **April 4, 2019**

UNITED STATES DISTRICT JUDGE