UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN and SADIE OSBURN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>Defendant. | No. 1:19-cv-00246-DAD-SAB<br><br>ORDER DENYING PLAINTIFFS' REQUESTS TO CONTINUE HEARING, FOR RECONSIDERATION OF THE DENIAL OF PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER, AND FOR PERMISSIVE INTERVENTION OF A NON-PARTY<br><br>(Doc. No. 34) |

Before the court are three requests that *pro se* plaintiffs Ronald Osburn and Sadie Osburn (collectively, "plaintiffs") filed with the court on May 8, 2019. (Doc. No. 34.) Therein, plaintiffs request that this court: (1) continue an upcoming hearing on defendants' motions to dismiss; (2) reconsider its prior order denying plaintiffs' motion which the court construed as seeking a temporary restraining order; and (3) permit a non-party to intervene in this action. (*Id.* at 1.) For the reasons explained below, the court will deny each of plaintiffs' requests.

With respect to continuing an upcoming hearing on defendants' motions to dismiss, plaintiffs argue that "they do not feel they are ready to attend the initial Scheduling Conference set for 5/21/2019 . . . for personal reasons, (the death of a person helping them), and therefore

request that it be continued for at least 30 more days." (*Id.*) First, the initial scheduling conference in this matter is set for August 13, 2019, not May 21, 2019. (*See* Doc. No. 24). Second, to the extent that plaintiffs are requesting to continue the May 21, 2019 hearing on the three pending motions to dismiss plaintiffs' complaint (Doc. Nos. 12, 14, 19), the court will deny that request. This court has once before, after plaintiff Sadie Osburn contacted the court and sought a continuance, continued the hearing on these motions from May 7, 2019 to May 21, 2019. (*See* Doc. No. 32.) Plaintiffs state only that "they do not feel they are ready" to attend the May 21, 2019 hearing. However, this is not a sufficient reason to continue a hearing that has already been once continued at plaintiff's request.

It also appears plaintiffs are requesting the court to reconsider its April 5, 2019 order denying the request of non-party David McCrae to join in this action and appear and to also permit an organization plaintiffs' identify as "Americans Against Foreclosure (AAF)" to intervene in this action. (Doc. No. 34 at 1–2.) The court declines to reconsider its April 5, 2019 order since no grounds upon which reconsideration could be granted have been presented by plaintiffs. As to the second part of this request, Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Here, Americans Against Foreclosures has not filed a motion seeking to intervene in this action. Accordingly, plaintiffs' anticipatory request for intervention will be denied.

Next, plaintiffs appear to seek reconsideration of the court's prior order denying what the court construed as their motion for a temporary restraining order. (Doc. No. 34 at 1; *see also* Doc. No. 3.) Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving

2

party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiffs contend that this court's order denying their motion for a temporary restraining order request (Doc. No. 3) should be reconsidered because the undersigned "is not an Article II Judge." The court is confused by plaintiffs' argument; the undersigned is an Article III judge. Article II of the United States Constitution pertains to the President of the United States and matters related to the executive branch. Moreover, plaintiffs' request is unsupported by any new or different facts or circumstances that were not previously shown and that would warrant reconsideration of that prior order. Accordingly, the court will also deny this request for reconsideration.

For the foregoing reasons, plaintiffs' requests (Doc. No. 34) are denied in their entirety.

IT IS SO ORDERED.

Dated: **May 9, 2019**

UNITED STATES DISTRICT JUDGE