UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN and SADIE OSBURN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>Defendants. | No. 1:19-cv-00246-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ON CLAIM PRECLUSION GROUNDS<br><br>(Doc. Nos. 12, 14, 19) |

This matter is before the court on three separate motions to dismiss the complaint in this action filed by *pro se* plaintiffs Ronald Osburn and Sadie Osburn (collectively, "plaintiffs"). (Doc. Nos. 12, 14, 19.) A hearing on the motions was held on May 21, 2019. Plaintiff Ronald Osburn appeared telephonically, plaintiff Sadie Osburn did not appear, and attorneys Ethan Schatz, Erin Illman, and Megan Clark appeared telephonically on behalf of defendants. For the reasons set forth below, the court will grant the pending motions without leave to amend and with prejudice on the grounds of claim preclusion.

## BACKGROUND

Plaintiffs' complaint is difficult to decipher. It is filled with non sequiturs; portions of it appear to have been copied and pasted from a complaint filed in a different action or templates available online; it references plaintiffs from other actions as if they are part of this action; and

1

several portions of it do not appear to allege any facts or claims against defendants, and instead include, for example, a series of true or false questions, a set of what appear to be *voir dire* questions, and a section that appears to be a closing argument. (*See* Doc. No. 1.) Although the complaint also contains a section entitled "STATEMENT OF FACTS" (*id.* at 15), plaintiffs do not there cohesively state the facts that form the basis of their complaint, nor do they clearly even allege the claims that they are attempting to assert here, let alone identify against whom those claims are asserted.

Nevertheless, based on the documents that defendants request this court take judicial notice of,[1] as well as its review of the complaint itself, the court is able to discern that the

---

[1] Defendants request that the court take judicial notice of (1) documents relating to the loan transactions at issue, (2) documents relating to the consolidation or acquisition of assets by one defendant from another, (3) an earlier lawsuit filed by plaintiffs wherein they alleged similar claims against a similar set of defendants that was dismissed without leave to amend, and (4) a complaint filed by a different plaintiff in the U.S. District Court for the District of Maryland that plaintiffs in this case appear to have used as a template in drafting their own complaint. (*See* Doc. Nos. 12 at 5 n. 3; 15 at 2–4; 20; 43-1.) Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Publicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute." *Mohanna v. Bank of Am., N.A.*, No. 16-CV-01033-HSG, 2016 WL 1729996, at *1 (N.D. Cal. May 2, 2016) (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004)). Moreover, where, as here, the court is "ruling on a motion to dismiss on claim preclusion grounds, . . . a court may take judicial notice of the extent of prior litigation." *SLR Partners, LLC v. B. Braun Med. Inc.*, No. 09-cv-01145-JM-RBB, 2010 WL 330088, at *3 (S.D. Cal. Jan. 20, 2010), *aff'd,* 397 F. App'x 643 (Fed. Cir. 2010). Finally, pursuant to the incorporation by reference doctrine and to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citation omitted). The documents defendants request judicial notice of are publicly recorded real estate instruments, public notices regarding corporate acquisitions and mergers, and documents filed in other district courts. Plaintiffs do not oppose defendants' requests for judicial notice or contest the authenticity of the documents in question. Given the lack of opposition and the apparent reliability of the sources, the court will grant defendants' requests for judicial notice.

gravamen of plaintiffs' complaint is that defendants are wrongfully foreclosing on plaintiffs' real property, located at 4523 West Evergreen Court, Visalia, CA 93277 (the "subject property"). (*See generally* Doc. No. 1.)  The cover page of plaintiffs' complaint states it is "for Rescission, Fraud, and Intentional Infliction of Emotional Distress." (*Id.* at 1.)  The cover page also references the Racketeering Influenced Corrupt Organizations Act.  (*See id.*)  The complaint alleges in conclusory fashion that plaintiffs "are the victim[s] of wrongful foreclosure, assault, home invasion, and unlawful business practices of all identified debt collector defendants." (*Id.* at 4.)  Plaintiffs "contend that all debt collection activities . . . are unlawful, unwarranted, extravagant, and designed for intimidation and offense." (*Id.* at 24.)  Peppered throughout the complaint are assertions that plaintiffs are bringing suit under the qui tam provisions of the False Claims Act ("FCA") (*see id.* at 15–16), as well as references to various other federal laws, the Fourteenth Amendment to the United States Constitution, various banking laws, the Financial Institutional Regulation, Reform, and Enforcement Act, the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA") (*see id.* at 4).  Notably absent from the complaint are any causes of action asserted against any defendant.

      On March 20, 2019, defendants CIT Group, Inc. ("CIT Group"), CIT Bank, N.A ("CIT Bank"), OneWest Bank, N.A., and OneWest Bank, F.S.B. (collectively, the "CIT defendants") filed their motion to dismiss, contending that plaintiffs have failed to state a cognizable claim against them and that any claims are nevertheless time-barred.  (Doc. No. 12.)  On March 21, 2019, defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive LLC ("Western"), and Deutsche Bank National Trust Company as Trustee for IndyMac Indx Mortgage Loan Trust 2006-AR11 ("Deutsche") (collectively, the "Ocwen defendants") filed their motion to dismiss, contending that the court lacks subject matter jurisdiction over this action and that plaintiffs have failed to state a cognizable claim against them.  (Doc. No. 14.)  In the alternative, the Ocwen defendants request a more definite complaint.  (*Id.*)  On March 22, 2019, defendants Countrywide Home Loans, Inc. formerly dba America's Wholesale Lender ("Countrywide"), Bank of America, N.A. ("Bank of America"), and Reconstruct Company, N.A. ("Reconstruct")

(collectively, the "Countrywide defendants") filed their motion to dismiss, contending that plaintiffs are judicially estopped from asserting their claims, the complaint fails to state a cognizable claim against them, and any claims are time-barred. (Doc. No. 19.) On March 25, 2019, plaintiffs filed their opposition to the pending motions, contending that "[they] will not argue [their] case within pretrial motions," that the "dismissal of [their] action can only be accomplished by William Barr, USAG," and that "[they] are ready for trial. Let's get this party started." (Doc. No. 23 at 2–3, 5.) On April 26 and 30 and May 14, 2019, the CIT defendants, the Ocwen defendants, and the Countrywide defendants filed their replies, respectively. (Doc. Nos. 31, 33, 36.)

Prior to the May 21, 2019 hearing on the pending motions, the undersigned became aware of another action that plaintiffs filed in this court, wherein they attempted to assert similar claims against a similar set of defendants (the "earlier action").[2] *See Osburn, et al. v. Ocwen Loan Servicing LLC, et al.*, No. 1:18-cv-00310-LJO-SAB, 2018 WL 3093494, at *18 (E.D. Cal. June 22, 2018), *report and recommendation adopted,* No. 1:18-cv-00310-LJO-SAB, 2018 WL 3629926 (E.D. Cal. July 27, 2018). In that action, plaintiffs' causes of action for fraud, wrongful foreclosure, quiet title, cancellation of instruments, negligent misrepresentation, and unfair business practices were dismissed without leave to amend as barred under California law, but plaintiffs were granted leave to file a first amended complaint to cure the deficiencies with respect to their TILA and breach of contract causes of action. (*Id.* at 18.) After the ten-day period for the filing of an amended complaint expired, the earlier action was dismissed in its entirety. *Osburn v. Ocwen Loan Servicing LLC*, No. 1:18-cv-00310-LJO-SAB, 2018 WL 3769412, at *1 (E.D. Cal. Aug. 7, 2018).

At the May 21, 2019 hearing on the now pending motions, the court inquired about whether defendants were aware of plaintiffs' earlier action and, if so, whether the fact that the earlier action resulted in a final judgment on the merits precluded plaintiffs from litigating the instant action under the doctrine of claim preclusion. Counsel for the Ocwen defendants, attorney

---

[2] The court notes that plaintiffs were represented by counsel in the earlier filed action.

1  Clark, noted that she only became aware of the earlier action after filing the Ocwen defendants'
2  motion to dismiss.  She further stated a belief that the instant action was precluded by the earlier
3  action under the doctrine of claim preclusion.  The court therefore granted defendants leave to file
4  supplemental briefing addressing the issue of claim preclusion and permitted plaintiffs to file a
5  reply to any such supplemental briefing.

6  On May 28, 2019, the CIT and Ocwen defendants filed supplemental briefing addressing
7  the issue of preclusion and, on June 3, 2019, plaintiff filed their reply thereto.  (Doc. Nos. 41, 42,
8  45.)

## LEGAL STANDARD

A motion to dismiss on the basis of *res judicata* or claim preclusion may properly be brought under Rule 12(b)(6).  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate[.]"); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.") (internal quotation marks and citation omitted); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (concluding that, although generally an affirmative defense, *res judicata* may be raised in a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records, of which the court takes notice"); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984) (affirming the district court's dismissal of complaint pursuant to Rule 12(b)(6) on *res judicata* grounds).

"*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (italics added); *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  *Res judicata* is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tangue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)).  In other words, under the doctrine of *res judicata*, "a

5

final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987) (internal quotation marks omitted); *see also Siegel v. Federal Home Loan Mortgage Company*, 143 F.3d 525, 528–29 (9th Cir.1998) (quoting *Robertson v. Isomedix, Inc., (In re Intl. Nutronics)*, 28 F.3d 965, 969 (9th Cir.1994)).

**ANALYSIS**

Here, the court finds that this action is barred under the doctrine of claim preclusion because plaintiffs' earlier filed action resulted in a final judgment on the merits, there is an identity of claims between the two actions, and there is privity between the parties in both actions.

**A.      Final Judgment on the Merits**

The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "with prejudice" is an acceptable shorthand for adjudication on the merits); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). If the judgment in the earlier suit stated that the action was dismissed and did not specify whether the suit was dismissed with or without prejudice, the dismissal should be interpreted as an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b), unless one of the listed exceptions applies.[3] *Stewart*, 297 F.3d at 956.

As discussed above, the assigned magistrate judge in plaintiffs' earlier action issued findings and recommendations, recommending: (1) dismissal of plaintiffs' causes of action for fraud, wrongful foreclosure, quiet title, cancellation of instruments, negligent misrepresentation, and unfair business practices without leave to amend; and (2) dismissal of plaintiff's TILA and

---

[3] Unless a court's dismissal order states otherwise, a dismissal operates as an adjudication on the merits except when the dismissal is for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Fed. R. Civ. P. 41(b).

6

breach of contract claims with leave to amend. *Osburn*, 2018 WL 3093494, at *18. In part, the findings and recommendations found that: (1) plaintiffs did not have standing to bring a pre-foreclosure suit under applicable California law; and (2), even if the suit had been brought post-foreclosure, the allegations of the complaint in that earlier action, even if proven, did not demonstrate that any of the purported assignments between the various defendants were void, which the magistrate judge found was fatal to plaintiffs' claims in that action. *Id.* at *4–10. The findings and recommendations provided plaintiffs with an opportunity to file objections thereto, but plaintiffs submitted no objections. The findings and recommendations were ultimately adopted in full by the district court, and plaintiffs' causes of action for fraud, wrongful foreclosure, quiet title, cancellation of instruments, negligent misrepresentation, and unfair business practices were dismissed without leave to amend. *See Osburn*, 2018 WL 3629926, at *1. After plaintiffs failed to file an amended complaint to attempt to cure the noted deficiencies with respect to their TILA and breach of contract claims, as permitted by the district court, the entire action was dismissed. *Osburn*, 2018 WL 3769412, at *1. Plaintiffs did not appeal the decision dismissing the earlier action.

Accordingly, the court concludes that the earlier action resulted in a final judgment on the merits. *See Colodney v. Orr*, No. EDCV 14-1973-VAP (SPx), 2015 WL 1636818, at *5 (C.D. Cal. Apr. 9, 2015) (finding that a dismissal without leave to amend was "a final judgment on the merits"); *see also Nnachi v. City of San Francisco*, No. C 10-0714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits.").

**B.      Identity of Claims**

To establish *res judicata*, there must also be identity between the claims brought in the previous action and the ones brought in the current action. *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (noting that the purpose of *res judicata* is to prevent parties from re-litigating claims against parties whom they have already filed suit against or could have filed suit against in a previous action).

/////

> Whether the two suits involve the same claim or cause of action requires [a court] to look at four criteria, which [are] [] not appl[ied] mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). "The 'same transactional nucleus of facts' factor is most important." *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 884 (N.D. Cal. 2018), *aff'd,* 765 F. App'x 168 (9th Cir. 2019). In the Ninth Circuit, district courts "use a transaction test to determine whether the two suits share a common nucleus of operative fact." *Mpoyo*, 430 F.3d at 987. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)).

As noted above, plaintiffs' complaint in this action is difficult to decipher. No specific causes of action are clearly alleged, let alone against any specific defendant, and plaintiffs appear to have copied and pasted several portions of their complaint from a similar complaint filed by a different plaintiff in a different court. (*Compare* Doc. No. 1, *with* Doc. No. 15 at Ex. 10.) Nevertheless, the facts that are alleged in plaintiffs' complaint demonstrate that this action and the earlier action arise out of the same transactional nucleus of facts. Both lawsuits essentially assert that defendants lack the legal right to foreclose on the subject property because of various defects in the title, assignments of deeds of trusts, etc. In this action, plaintiffs allege that various assignments of deeds of trusts and other instruments relating to the subject property were "fraudulent on [their] face," or otherwise void. (Doc. No. 1 at 22–27.) Similar arguments were considered by another district judge of this court in dismissing plaintiffs' earlier action and those arguments were explicitly rejected under the applicable California law. *See, e.g., Osburn*, 2018 WL 3093494, at *7 ("The Court is persuaded by the weight of authority [] that under California law a plaintiff cannot bring a preemptive suit to stop foreclosure on property."); *id.* at *7 ("Plaintiff[s] allege[] that the note . . . was not duly endorsed, transferred and delivered to anyone

8

after its initial date of execution and was never duly endorsed, transferred, and delivered to the Trust prior to the closing date . . .. The Court finds the allegations in the complaint would make the assignments voidable, but not void. Accordingly, . . . Plaintiffs would not fall within the limited exception recognized by *Yvanova* to bring a wrongful foreclosure action."). The fact that there may not be a complete identity of claims between this action and the earlier action is of no import because plaintiffs "cannot avoid the bar of *res judicata* merely by alleging conduct by [a] defendant not alleged in [the] prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) (italics added); *see also Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.2003) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.") (internal quotation marks and citation omitted).

For this same reason, plaintiffs' contention that this action is not related to their earlier action because this action is a qui tam action brought under the FCA (Doc. No. 45 at 2) is also unavailing. As an initial matter, it is abundantly clear that this is *not* a qui tam action. A qui tam action permits private persons to bring civil actions to enforce the FCA to combat fraud against the federal government. *U.S. ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993). The complaint in this action, however, does not allege that any defendant has committed a fraud against the federal government. Moreover, plaintiffs simply assert that this action is brought on behalf of the U.S. Attorney General, but do not purport to have met the statutory requirements for bringing such a suit. *See*, *e.g.*, *id.* at 746 (noting that a qui tam relator must serve on the government a copy of the complaint and written disclosure of substantially all material evidence; the complaint must be filed *in camera* and remain under seal for at least 60 days so that the government may review the relator's allegations; and the government must decide whether to intervene or decline to take over the action). Indeed, plaintiffs have already served their complaint on defendants, "rendering useless the qui tam provision designed to keep under seal the False Claims action pending against Defendants." *Bonilla-Mead v. McCabe, Weisberg & Conway, LLC*, No. CV PX-18-3113, 2018 WL 5279487, at *2 (D. Md. Oct. 24, 2018); *see also*

31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and *shall not be served on the defendant until the court so orders*.") (emphasis added). Finally, even if the court were to assume that plaintiffs have properly brought a qui tam action on behalf of the federal government, it is clear that this is simply a new legal theory advanced by plaintiffs for alleging the same type of claims that were dismissed in the earlier action. *See, e.g.*, *McGee v. California*, No. 2:14-cv-0823-JAM-KJN, 2014 WL 2002437, at *6 (E.D. Cal. May 15, 2014) ("Even if plaintiff's present complaint could be construed as asserting claims under different or additional statutes, these claims are simply new legal theories arising from the same transactional nucleus of facts and could have been raised in the prior action.").

Comparing the factual allegations in this action with the factual allegations of plaintiffs' earlier filed complaint, the court concludes that both actions arise from the same transactional nucleus of facts. Both suits allege that various defendants—who are entities involved with the servicing and processing of plaintiffs' mortgage loans and related loan instruments—acted unlawfully and fraudulently or with intent to deceive, such that the various assignments and transactions that occurred between defendants are void. Both suits, therefore, involve the alleged infringement of the same rights. As in this action, defendants in the earlier action asked the court to take judicial notice of documents relating to the loan transactions at issue there (which are the same loan transactions at issue here) and the consolidation or acquisition of assets by one defendant of another. Finally, the court concludes that, were plaintiffs permitted to prosecute this action, the rights or interests established by the judgment in the earlier action—namely that plaintiffs cannot, as a matter of California law, bring a preemptive lawsuit challenging nonjudicial foreclosures, *Osburn*, 2018 WL 3093494, at *8–9—would be destroyed or impaired, as plaintiffs would be permitted to pursue causes of action that have already been rejected.

Accordingly, the court finds that there is an identity of claims between the instant action and the earlier action.

**C.      Identity or Privity Between Parties**

"The final element of *res judicata* is privity between the parties." *Tahoe-Sierra*, 322 F.3d at 1081 (italics added). "Privity—for the purposes of applying the doctrine of *res judicata*—is a

legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks and citation omitted). Obviously, plaintiffs in this action are identical to the plaintiffs in the earlier action. The court notes that several, but not all, of the defendants in this action are identical to—"and therefore quite obviously in privity," *id*—with the defendants in the earlier action. OneWest Bank (as a division of CIT Bank, N.A.), Ocwen, Mortgage Electronic Registration Systems Inc., Deutsche (as trustee for IndyMac), and Western were all named by plaintiffs as defendants in the earlier action and are named as defendants in this action as well. The court finds that the remaining defendants named herein—Countrywide, Bank of America, Reconstruct, Home Loan Center dba Lending Tree Loans, IndyMac Bank FSB, IndyMac Bank N.A., CTC Real Estate Services, One West FSB, CIT Group, TransNation Title Service Company, HSBC Mortgage Corporation, HSBS Bank USA, N.A.—while not explicitly named as defendants in the earlier action, are still in privity with the defendants named in the earlier action.

First, although not named as defendants in the earlier action, defendants America's Wholesale Lender, Countrywide, Reconstruct, Home Loan Center, Lending Tree Loans, IndyMac, TransNation Title Insurance Company are all identified by plaintiffs in their complaint filed in the earlier action. *See Osburn v. Ocwen Loan Servicing, LLC*, 1:18-cv-00310-LJO-SAB, (Doc. No. 1 at 4–8.) These defendants are identified in that complaint as actors who played some role in the servicing and/or processing of plaintiffs' mortgage loans as well as the transferring and/or acquiring of deeds of trusts relating to the subject property. (*Id.*) Second, some of the defendants named in this action who were not named in the earlier action are privies of defendants that were named in that earlier action. For example, as defendant CIT Bank points out in its pending motion to dismiss, it formerly was known as OneWest Bank, N.A., which was formerly known as OneWest Bank, F.S.B. (Doc. No. 12 at 1.) Similarly, defendant IndyMac is a privy of defendant Deutsche. (Doc. No. 14 at 1.) Third, "[e]ven when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081. Here, the court finds that

11

those defendants who were not named by plaintiffs as defendants in the earlier filed action are "substantially identical" to the defendants that were named in the earlier action because their interests are closely aligned. *See Pedrina v. Chun*, 97 F.3d 1296, 1302 (9th Cir. 1996) ("Privity will be found only where the interests of the non-party were adequately represented in the earlier action."). As one district court noted when presented with a similar factual situation, "Plaintiff[s] [are] suing all of the Defendants because of their relationship to [the] mortgage; thus, their interests are so closely aligned as to be virtually representative." *Janson v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-05639 JSC, 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015), *aff'd sub nom. Janson v. Deutsche Bank Nat'l Tr. Co.*, 682 F. App'x 576 (9th Cir. 2017); *see also Janeece Fields v. Bank of New York Mellon*, No. 17-CV-00272-JST, 2017 WL 1549464, at *3 (N.D. Cal. May 1, 2017) ("Bayview Loan Servicing and Zieve, Brodnax & Steele, LLP are also in privity with a party from the previous suit (Bank of America) as successor servicer and trustee, respectively.").

Accordingly, the court concludes that there is privity between the parties in this action and those in plaintiffs earlier filed action. Having found that each of the three requirements for applying claim preclusion are present here, the court will dismiss plaintiffs' complaint as barred by the doctrine of claim preclusion.

**D.     Leave to Amend**

The court has carefully considered whether plaintiffs may amend their complaint to eliminate the *res judicata* effect. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (italics added). Here, the preclusion that results from application of the doctrine of *res judicata* in this action renders it futile to grant plaintiffs leave to amend.

12

The court also concludes that any amendment would be brought in bad faith. *See Nutrition Distribution, LLC v. Enhanced Athlete, Inc.*, No. 2:17-cv-01491-TLN-KJN, 2019 WL 1429549, at *2 (E.D. Cal. Mar. 29, 2019) ("[C]ourts have found bad faith . . . where the same claims for which leave to amend was sought had recently been denied in a related action"). Not only have plaintiffs already had their one bite at the apple, but, here, the court finds that plaintiffs have "act[ed] with intent to . . . harass, . . . delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). For example, the complaint in this action appears to have been downloaded from a website called "www.weputthelimeinthecoconut.weebly.com." (*See* Doc. No. 1.) Indeed, several sections of the complaint before this court refer to a plaintiff in an entirely separate action and who has no apparent relation to the plaintiffs in this case at all. Moreover, the complaint does not allege any causes of action and, instead, contains a series of meandering ramblings. (*See, e.g.*, *id.* at 12, 28, 30, 32, 33) ("Call Any vegetable . . . call me by name . . . call me five time in nine days . . . and maybe I will respond to you"; "The Supreme Court is expected to rule Real Soon Now. We are presenting this same question to this jury, right here today, concerning this subject property."; "**THOU SHALL NOT STEAL**"; "I've been asked 'Who the Heck Are You?' America is a Great Place. . . . One can by a million barrels of September oil, and sell it in December, and make a boatload of money. You don't even have to wait for December! . . . I'm Somebody From CALIFORNIA. I do not tolerate money-changers in my father's country."). At one point, an individual who is not a party to this action began communicating with the undersigned's courtroom deputy via email, contending that the undersigned's order denying plaintiffs' request for a temporary restraining order (Doc. No. 3) was incorrect and would be appealed. This individual sent at least nine emails to the court, wherein he appeared to be attempting to speak on behalf of or representing plaintiffs. When the court informed this individual that his communications with the court and his attempts to act as a representative for plaintiffs were both inappropriate, plaintiffs purportedly "sold" this individual a subdivision of the subject property for twenty dollars and then moved to join him as a plaintiff into this action. (*See* Doc. No. 28.) The undersigned denied the request for joinder and noted that this individual's purported acquisition of part of the subject property for twenty dollars

was clearly a sham.  (Doc. No. 30 at 4.)  Finally, prior to the hearing on the pending motion, the undersigned provided the parties with instructions on how to appear telephonically at the hearing if they so wished.  It appears that plaintiff posted that information to some social media website, since a slew of individuals who are not parties to this action dialed-in to the hearing, and a handful of others sent emails to the undersigned's courtroom deputy requesting to appear at the hearing or otherwise expressing their displeasure with foreclosures in general.

While these are only a sampling of plaintiffs' troubling conduct in litigating this action, they support the conclusion that any amended pleading plaintiffs might elect to file would not only be futile but be brought in bad faith.  Accordingly, this action will be dismissed without leave to amend and with prejudice.

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motions to dismiss (Doc. No. 12, 14, 19) are granted[4];
2. This action is dismissed without leave to amend and with prejudice as barred by the doctrine of claim preclusion;
3. Plaintiffs' miscellaneous motions (Doc. Nos. 38, 39, 44) are denied as having been rendered moot by this order; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 7, 2020**

UNITED STATES DISTRICT JUDGE

---

[4] As noted, at the hearing on the pending motions, the court permitted each set of defendants to supplement their motions to address whether plaintiffs' claims were barred by claim preclusion.  Only the Ocwen defendants did so; the Countrywide defendants did not file any supplemental briefing, and the CIT defendants provided supplemental briefing addressing issue preclusion but not on claim preclusion.  Nevertheless, the court, in addition to granting the Ocwen defendants' motion to dismiss on the grounds of claim preclusion, is also *sua sponte* granting the CIT and Countrywide defendants' motions to dismiss on the grounds of claim preclusion and not on the other grounds asserted by those defendants.

14